STATE OF NEW JERSEY, PROSECUTOR, DEFENDANT IN
ERROR, v. CHARLES BRIGHT, Jr., DEFENDANT-PLAIN-
TIFF IN ERROR.

Submitted October 12, 1939—Decided November 3, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the defendant in error, *William A. W. Grier,* prosecutor
of the pleas, Salem county.

For the plaintiff in error, *David I. Horuvitz.*

PER CURIAM.

The plaintiff in error appeals from his conviction on an
indictment for non-support. He had never been ceremonially
married to Catherine Bright for whose non-support he was
convicted, the state contending that he was in fact her hus-
band by virtue of having held her out as wife—in other words,
as his common law wife.

Most of the assignments of error challenge the court's rul-
ings on the admission or rejection of evidence.

The first ground of appeal challenges the admission of some
testimony of the witness, Bailey, a grocer in Pennsville, where
the plaintiff in error lived with the said Catherine Bright.
The witness had testified that Catherine Bright, as she is
designated in the testimony, had a charge account at his store
under the name of the defendant; that the defendant had

opened the account saying to let "Kate" (the complaining witness) have what she wanted and that he would pay the bill; and that the defendant had later discontinued the credit account. The witness had already testified without objection from defendant, "I have always understood ever since I have known them that the relation was in the form of a common law marriage." The court then said—and this is the alleged error—"Q. You understood it was a common law marriage, is that what you mean by that?" The answer was "Yes." An exception was entered on the record on the ground that this was the conclusion of the witness. Obviously it was and in all probability the testimony was likewise incompetent, but the witness had previously testified, as mentioned above, to the same fact in substance without objection on the part of the plaintiff in error. We think receiving the evidence, under the circumstances, was harmless.

The second point in the brief says that it was error to exclude a question addressed to the same witness, Mr. Bailey, as to when he first knew that the plantiff in error had "the status of a single man." As to this it is sufficient to say that the information sought on cross-examination was later obtained when the witness answered that he did not know whether or not plaintiff in error was a single man.

It is next said that the court fell into error in permitting the complaining witness, Catherine Bright, to testify that the defendant introduced her as his wife. We perceive no error here. The testimony that the plaintiff in error introduced the witness saying, "This is my wife," tends to prove that they were in fact married. Either party to a marriage is entitled to testify as to the fact of marriage. If offered by itself to prove general repute, it would have been error.

It is next argued that the court was in error in receiving in evidence a Christmas card addressed to Mr. and Mrs. Charles Bright, Jr., dated December 21st, 1927, sent by the defendant's daughter, Lida, whose handwriting was identified by the complaining witness. It is asserted that the court should not have received this evidence. No authority is cited

in support of the objection. The evidence in question was a circumstance which would indicate that at least the daughter considered these parties husband and wife. If this evidence did not tend to prove the fact in issue, it would be very simple to disprove it by calling the daughter as a witness. This was not done.

The next point has no merit and needs no discussion.

It is next said it was error to have admitted a letter from defendant to the said Catherine—an affectionate display of regard. The objection was that there was nothing showing the time, *i. e.,* day or date, when it was sent; but the note in question did tend to show the regard in which the said Catherine was held by the defendant. It was not probative of a common law marriage, it is true, but we consider its reception of no great importance in view of the other testimony in the case.

Under point 9 it is argued that the verdict was against the weight of the evidence. We do not think that it was. There was substantial evidence from which the jury might legitimately conclude that a common law marriage existed between these parties. The complainant testified that the defendant introduced her as wife. Another witness, a niece of the defendant, testified that she knew the complaining witness for upwards of fourteen years; that she visited the home of the defendant and Catherine and considered her the wife of the defendant; and, finally, there was testimony that on a trip to Philadelphia, which was made with the witness and her husband, the defendant brought Catherine along and spoke of her as his wife. It is also significant that the defendant did not take the stand. Under our law the jury was entitled to conclude that he did not testify in his own behalf solely because he would not be able to truthfully enter a denial of the charge.

It is next argued that the state should not have been permitted over objection of the plaintiff in error to reopen its case after it had rested. The court allowed the state to reopen in order to prove that the parties—the complaining witness

and plaintiff in error—had lived together in the same house in Pennsville as husband and wife. This we consider a matter for the discretion of the court, and we find that the discretion was not improvidently used.

It is next said that the court neglected to charge the jury that in order to find the defendant guilty they must not only find that he was in fact her husband and that he refused to support her but that she was in destitute or necessitous circumstances. This objection of the charge is purely captious. The charge of the court on this element of the case was clear and comprehensive.

From what has been said it follows that we do not think that the court was wrong in refusing to direct a verdict for the defendant at the end of the state's case and at the end of the entire case, as the plaintiff in error contends.

The conviction should be affirmed.